IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY
FILED
Jun 04 2020
U.S. DISTRICT COURT
Northern District of WV

JASON A. POLEN,

    Plaintiff,

v.                                  Civil Action No.    **5:20-CV-106 (Bailey)**

ARCELORMITTAL WEIRTON, LLC.

    Defendant.

## COMPLAINT

Plaintiff alleges as follows:

## GENERAL ALLEGATIONS

**A. INTRODUCTION**

1. Plaintiff, Jason Polen, by and through counsel, Erika Klie Kolenich, Esq. and Ambria M. Britton, Esq., brings this action pursuant to Title I of the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.* ("ADA"), Section 504 of the Rehabilitation Act of 1973, as amended, at 29 U.S.C. §794 (the "Rehabilitation Act"), and The West Virginia Human Rights Act [W. Va. Code § 5-11-1 *et seq.*, to remedy acts of disability discrimination and retaliation perpetrated against him by the Defendant, Arcelormittal Weirton, LLC. Plaintiff contends that Arcelormittal Weirton, LLC discriminated against him by failing to hire him for a position that he was qualified for due to his drug addiction recovery and use of Suboxone for treatment of the same. Plaintiff further asserts that Defendant's discrimination caused him severe emotional distress and punished him for obtaining the proper medical treatment for his disability.

**B. JURISDICTION**

2. This Court has jurisdiction pursuant to the following statutes:

1

    a.    28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

    b.    28 U.S.C. §1343 (3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United Stated government.

    c.    28 U.S.C. §1367, which gives the district court supplemental jurisdiction over state law claims.

3.    Venue is proper within the Northern District of West Virginia pursuant to 29 U.S.C. Section 1132(e)(2) because the acts complained of have occurred within this district.

**C.    PARTIES**

4.    Plaintiff, Jason Polen (hereinafter "Plaintiff", "Plaintiff Polen" or "Mr. Polen"), is, and at all relevant times was, a citizen of the United States and resides in the County of Jefferson, State of Ohio.

5.    Defendant, Arcelormittal Weirton, LLC., (hereinafter "Defendant AW"), is, and at all relevant times was, a foreign, for-profit, limited liability company licensed to do business in the State of West Virginia, and does actively and systematically conduct, contract, and transact business hours in West Virginia, and has multiple contacts within the State of West Virginia, thereby purposefully availing itself to the privileges and benefits of conducting business within the State of West Virginia. Defendant AW has a principal office address of 100 Pennsylvania Avenue, Weirton, WV 26062, and a notice of process address of CT Corporation System, 1627 Quarrier Street, Charleston, WV 25311-2124.

**D.    FACTUAL BACKGROUND**

6.    Upon information and belief, Plaintiff applied for a position with Defendant as a laborer.

7. Upon information and belief, Plaintiff has a prior history of drug addiction and has been treated with a Medication-Assisted Treatment for opioid addiction (hereinafter known as "MAT"), Suboxone, for the past few years. Plaintiff undergoes regular lab testing that evidence he is no longer using drugs illegally.

8. Upon information and belief, Plaintiff was up-front about his recovery with Defendant, and even provided this information in the cover letter he provided with his application. After submitting his application, Plaintiff received a phone call from Defendant stating that he was selected to come in and begin the first step of the hiring process.

9. On or about March 1, 2018, Plaintiff took an online aptitude test at Defendant's facility, advanced to the interview and was asked to take a urine test, as required by the interview process. Upon information and belief, Plaintiff went to a medical building on site where the nurse, Nancy, did the urine tests. Plaintiff showed her his prescription for Suboxone when he took this test. Plaintiff passed this test and received a phone call from Dana Meager, from the Human Resources department, stating that he was selected to move to the next step of the hiring process.

10. Approximately one week later, Plaintiff was scheduled for a physical and a hair follicle test and background check. Plaintiff passed the hair follicle test. Upon information and belief, while the nurse was preparing to take Plaintiff's hair sample, she asked him about his addiction and his Suboxone dosage and how long he had been taking the medication. She also asked Plaintiff if he felt the medication was working or not. Plaintiff told her his dosage and explained to her that he would be tapering down his dosage over the next few months. The nurse asked if a doctor was going to do this and Plaintiff replied in the affirmative and also stated that

the doctor recommends patients try it on their own before getting the prescription written for a lesser amount in case they have a hard time adjusting to the lower dose.

11. Upon information and belief, Plaintiff was originally notified that he passed the physical. The nurse told him she would have Dr. Goren sign off on the physical and then the medical end would be complete and Human Resources would give him a start date once the background check was complete. However, approximately a week later on or about March 15, 2018, Dana Meager from Human Resources left a message on Plaintiff's voicemail stating that he would not be moved on in the hiring process because he failed the physical. Plaintiff called Ms. Meager and she stated that she could not give him the details but that he could call the nurse and ask her.

12. Upon information and belief, Plaintiff was then contacted the nurse, Nancy, who told him the problems were related to his Suboxone use and being in the early stages of recovery, and Dr, Goren felt Plaintiff had a high relapse potential. The nurse also stated that Dr. Goren was worried about Plaintiff lowering his dosage and said that people have a higher relapse potential when tapering off of Suboxone. At this point, Plaintiff was quite shaken and emotional and told the nurse that he would not lower his dosage if that was the only reason that the doctor would not pass him. The nurse then questioned Plaintiff if he lied to them regarding lowering his dosage previously and he explained that he did not lie, he intended to lower his dosage, but that he was willing to not do that if that was the reason he was not receiving the job. The nurse told Plaintiff that the doctor's decision was final and refused Plaintiff the opportunity to speak to Dr. Goren.

13. Upon information and belief, upon receiving this news from the nurse, Nancy, Plaintiff then told her that if his "weaning down" was the issue, that he didn't have to do that and

he could stay at the same level of his current Suboxone treatment. Defendant continued to decline to offer Plaintiff employment.

14. Defendant discriminated against Plaintiff by failing to hire him because of his disability and any contention that they did not hire him for a reason that was not discriminatory is a pretext.

14. Upon information and belief, Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Plaintiff a "Right to Sue Notice" on March 9, 2020.

15. Suboxone is a formaulation of buprenophine and naloxone in a 4:1 ratio. Suboxone is administered through a sublingual film for treatment of opioid use disorder. Buprenorphine, the opioid in Suboxone, was developed in the 1970's as a safer opioid than morphine or heroin for the treatment of pain. Studies suggested that buprenophrine is an attractive alternative to methadone, as it could require fewer regulations because of its inherent abuse deterrence properties as a partial opioid agonist-antagonist. The Drug Addiction Treatment Act of 2000 authorized physicians via a new individual waiver to prescribe specific opioids for the treatment of opioid use disorder and buprenophrine is currently the only opioid authorized under this waiver. Further, as a partial agonist, it has a low overdose risk and no intoxication in the opioid dependent. Naloxone has no effect on sublingual use of buprenorphine but blocks intravenous or intranasal abuse.

**FIRST CAUSE OF ACTION**

[FOR DISABILITY DISCRIMINATION IN VIOLATION OF TITLE I OF THE ADA.]

16. Plaintiff incorporates those allegations of the General Allegations, Introduction, Jurisdiction, Parties, and Factual Background sections as though set forth in full in this cause of action.

17. Plaintiff is a "qualified individual" as defined in 42 U.S.C. §12111(8) and §12114(b).

18. Defendant AW is a "covered entity" as defined in 42 U.S.C. §12111(2) and §12111(5)(A).

19. 42 U.S.C. § 12112 states that no covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures or hiring. Specifically, § 12112(d)(2)(A) states that a covered entity shall not conduct a medical examination or make inquiries of a job applicant as to whether such applicant is an individual with a disability or as to the nature or severity of such disability.

20. The Defendant's conduct as alleged at length herein constitutes discrimination based on disability in violation of Title I of the ADA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

21. As a direct and proximate result of Defendant AW's unlawful discrimination, Plaintiff has sustained injuries and damages.

## SECOND CAUSE OF ACTION

[FOR VIOLATION OF THE REHABILITATION ACT]

22. Plaintiff incorporates those allegations of the General Allegations, Introduction, Jurisdiction, Parties, and Factual Background sections along with the First Cause of Action as though set forth in full in this cause of action.

23. Plaintiff is a "disabled/handicapped" individual as defined in 29 U.S.C. § 705.

24. The Defendant's conduct as alleged at length herein constitutes discrimination based on disability in violation of the Rehabilitation Act.

25. As a direct and proximate result of Defendant AW's unlawful discrimination, Plaintiff has sustained injuries and damages.

## THIRD CAUSE OF ACTION

[FOR DISABILITY DISCRIMINATION IN VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT W. VA. CODE § 5-11-1 *ET SEQ.*]

26. Plaintiffs incorporate those allegations of the General Allegations, Jurisdiction, Parties, and Factual Background sections along with the First and Second Causes of Action as though set forth in full in this cause of action.

27. Plaintiff has a "disability" as defined in W.Va. Code § 5-11-3(m).

28. The Defendant's conduct as alleged at length herein constitutes discrimination based on disability in violation of The West Virginia Human Rights Act [W. Va. Code § 5-11-1 *et seq.*]. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

29. As a direct and proximate result of Defendant AW's unlawful discrimination, Plaintiff has sustained injuries and damages.

## DAMAGES

30.     Plaintiff incorporates those allegations of the General Allegations, Introduction, Jurisdiction, Parties, and Factual Background sections along with the First, Second, and Third Causes of Action as though set forth in full in this cause of action.

31.     As a direct and proximate result of the acts of Defendant AW as alleged in each count of this Complaint, Plaintiff sustained loss of wages (past and future), loss of benefits (past and future), emotional distress, anxiety, anger, anguish, chagrin, depression, disappointment, embarrassment, annoyance, inconvenience and/or humiliation, financial hardship, and attorney fees.

## PUNITIVE DAMAGES

32.     Plaintiff incorporates those allegations of the General Allegations, Jurisdiction, Parties, and Factual Background sections along with the First, Second, and Third Causes of Action as though set forth in full in this cause of action.

33.     All of the acts of Defendant AW and its agents, servants, and employees, as alleged in each count of this Complaint were willful, wanton, and malicious and/or reckless and/or in reckless disregard for the rights of Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

(a) Compensatory damages in whatever amount in excess of the jurisdictional limits exclusive of costs and interest, that Plaintiff is found to be entitled;

(b) Punitive/exemplary damages against Defendant AW in whatever amount, exclusive of costs and interest, that Plaintiff is found to be entitled;

(c) An award of interest, costs, and reasonable attorney's fees;

(d) Any and all other remedies provided pursuant to the ADA, the Rehabilitation Act, and The West Virginia Human Rights Act; and

(e) Such other and further relief as the Court deems appropriate.

        Respectfully submitted,
        Jason Polen,


        */s/ Erika Klie Kolenich*
        Of Counsel

Erike Klie Kolenich, Esq. (9880)
Ambria M. Britton, Esq. (12053)
Klie Law Offices, PLLC
85 W. Main Street
Buckhannon, WV 26201
(304) 472-5007
Facsimile: 304-472-1126
ehklie@klielawoffices.com
abritton@klielawoffices.com